IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| TYRONE GREEN, | : | |
| Petitioner | : | |
| VS. | : | |
| Warden BENTON, | : | NO. 7:07-CV-34 (HL) |
| Respondent | : | **O R D E R** |

Petitioner **TYRONE GREEN**, an inmate at Central State Prison in Macon, Georgia, has filed a petition for writ of habeas corpus on court-provided 28 U.S.C. § 2254 forms.[1] Petitioner also seeks leave to proceed *in forma pauperis*. As it appears that petitioner is unable to pay the cost of commencing this action, petitioner's application to proceed *in forma pauperis* is hereby **GRANTED**. Petitioner apparently alleges in his "habeas" application that a Tift County Superior Judge conducted a child custody hearing wherein plaintiff was "stripped" of his parental and custody rights.

Petitioner appears to ask that a writ of habeas corpus issue setting aside the Tift County Superior Court order and that his parental rights be restored.

Petitioner's habeas application is dismissed for several reasons, any of which standing alone would be sufficient for this result. First, petitioner's claims are barred by the domestic relations exception to federal jurisdiction. ***Elk Grove Unified School District v. Newdow***, 124 S. Ct. 2301,

---

[1] According to the Georgia Department of Corrections' website, petitioner is incarcerated on charges of theft of a motor vehicle. His maximum release date is December 7, 2007.

2309 (2004) (explaining that the domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees").

Second, "federal habeas has never been available to challenge parental rights or child custody." ***Lehman v. Lycoming County Children Services Agency***, 458 U.S. 502, 511 (1982) (the concept of "custody" underlying the writ of habeas corpus does not apply to children in "custody" pursuant to state court custody decisions). Petitioner seeks to use the writ to attack a custody order of a state court. Child custody is not a subject to which federal jurisdiction may reach. It is exclusively a state law issue reserved to state courts. ***Ankendrandt v. Richards***, 504 U.S. 689, 701 (1992) ("[t]he whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not the laws of the United States."). Therefore, habeas relief is not available in this case.

Finally, petitioner is seeking, in essence, to have this Court review certain actions taken by the Tift County Superior Court. Under the Rooker-Feldman doctrine, however, a federal district court, such as this one, does not have subject matter jurisdiction over claims seeking review of state court decisions. *See **Rooker v. Fidelity Trust Co.***, 263 U.S. 413, 415-16 (1923); ***District of Columbia Court of Appeals v. Feldman***, 460 U.S. 462, 482 (1983). This is true even if the challenge to judicial proceedings alleges "that the state court's action is unconstitutional." ***Feldman***, 460 U.S. at 486. Under this rule, jurisdiction to review state court decisions lies exclusively with state courts and, ultimately, the United States Supreme Court.

In light of the foregoing, it is hereby **ORDERED** that the application for a writ of habeas

corpus be **DENIED**.  This action is **DISMISSED** for lack of jurisdiction.

      **SO ORDERED**, this 16th day of APRIL, 2007.

                                        *s/   Hugh Lawson*
                                        HUGH LAWSON
                                        UNITED STATES DISTRICT JUDGE

cr